**TALLY v. TEXAS EMPLOYERS' INS. ASS'N.**

**No. 1333—5863.**

Commission of Appeals of Texas, Section B.

April 28, 1932.

Walter Acker, Sr., Bailey P. Loftin, and C. M. Alderson, all of Houston, for plaintiff in error.

Morris, Sewell, Taylor & Morris, of Houston, for defendant in error.

LEDDY, J.

Plaintiff in error claimed to have sustained a hernia during the course of his employment. He duly filed a claim before the Industrial Accident Board against the defendant in error, the insurer of his employer, for compensation for such injury.

The award made by the Industrial Accident Board on this claim, omitting formal parts, is as follows:

"That it has been definitely proven that the injury of which complaint is made herein resulted in hernia, which appeared suddenly and immediately following its infliction, and that it did not exist in any degree prior to infliction of same and was accompanied by pain for which compensation and the benefits to accrue under the provisions of the Employers' Liability Law exist in favor of J. J. Tally and against the Texas Employers' Insurance Association and it is so ordered, adjudged and decreed by the said Board.

"That said J. J. Tally has been examined by Dr. J. M. Mitchner, a physician and surgeon of Houston, Texas, at the instance of the Board and his report filed herein indicates the advisability for performance of an operation, and that said J. J. Talley is a fit subject to undergo such operation; that in view of the findings of the examining physician made in writing to the effect that there is nothing in the physical condition of claimant which will render his submission thereto more than ordinarily unsafe, the Board is of the unanimous opinion and so finds that said J. J. Tally submit to operation at the hands of a doctor to be agreed upon by and between said J. J. Tally, and the Texas Employers' Insurance Association, same to take place on a date that is not earlier than January 7th, 1929, and that is not later than February 7th, 1929, unless by agreement between the interested parties, at a hospital to be designated by the operating surgeon on a date to be mutually arranged and agreed upon by and between said operating surgeon and the said J. J. Tally between the dates set out above, unless by agreement between the interested parties same is undergone on an earlier date, and the expense incident to and associated with said operation in the reasonable amount thereof to be borne and paid by the Texas Employers' Insurance Association; that said J. J. Tally is entitled to recover from and have paid to him by the said Texas Employers' Insurance Association in additional compensation for and on account of said injury in accordance with the facts that develop in the event he undergoes operation, that is to say if said operation is submitted to and the same results successfully and effects a cure, said J. J. Tally will be entitled to recover from and have paid to him by the Texas Employers' Insurance Association compensation at the fixed rate of $13.85 per week for the definite and fixed period of 26 weeks, same beginning to accrue on the date of said operation and being payable weekly thereafter as each of said installment payments accrue and mature until the full period of 26 weeks have expired; and it is so ordered, adjudged and decreed by the said Board.

"That in the event no appeal is taken by either party within the time permitted by law and the said J. J. Tally submits to operation, and the same fails to effect a cure, then that he be compensated under the general provisions of the law for whatever incapacity that may be found to exist; that in the event the interested parties—in the event of the applicability of this section of the award —fail to agree upon the rate of compensation to apply herein, the same will be subject to the further action of the Board in reference to that particular feature of the matter, and it is so ordered, adjudged and decreed by the said Board.

"That in the event no appeal is taken by either party within the time permitted by law, and in the further event said claimant refuses to submit himself to operation herein ordered and directed performed, that the said J. J. Tally recover compensation of and from the Texas Employers' Insurance Association for the period of one year or fifty-two weeks beginning on September 22nd, 1928, the date of infliction of injury, at 60% of the difference between $23.08, his average weekly wage earning capacity before he suffered injury herein complained of and his average weekly wage earning capacity during said period of one year for which award is herein made, and it is so ordered, adjudged and decreed by the said Board.

"That in the event no appeal is taken and in the event an operation is undergone and the parties who furnish said operation and the Texas Employers' Insurance Association are unable to agree upon the reasonable value of the items of service which enter into furnishing said operation, then in such event said feature will be subject to further consideration and action by the Board, and it is so ordered, adjudged and decreed by the said Board."

The defendant in error gave timely notice of its intention not to abide by the award, and

in due time filed its petition to set the same aside in the county court at law of Harris county.

Plaintiff in error filed a plea challenging the jurisdiction of the county court to hear and determine defendant in error's action to set aside the award of the Industrial Accident Board, but such plea was overruled.

Plaintiff in error thereupon filed a cross-action, in the usual form, in which he sought to recover lump sum compensation for total and permanent incapacity, alleging that defendant in error had refused to provide him the surgical operation ordered by the board. Defendant in error demurred to this cross-action on the ground that it sought an amount in excess of the jurisdiction of the county court, and this demurrer was sustained.

But one issue was submitted to the jury, in answer to which it found that a reasonable charge for hospital and medical expenses for an operation on plaintiff in error for hernia was $275. The court rendered judgment setting aside the award of the Industrial Accident Board, but declined to render judgment in favor of plaintiff in error for the amount found as the cost of the surgical operation because his cross-action sought an amount in excess of the jurisdiction of that court.

Plaintiff in error contends that the district court alone had jurisdiction to set aside the award made in this case. Defendant in error insists that the amount claimed, under which the award was rendered, was within the jurisdiction of the county court; hence that tribunal was the proper one in which to file the suit to set the same aside.

We do not agree with either contention. Neither the county nor district court was clothed with jurisdiction to set aside the award made in this case, as it affirmatively appears that such award is not a final one. The Workmen's Compensation Act only allows an appeal to be taken from a final ruling or decision of the Industrial Accident Board. Section 5, art. 8307, R. S. 1925, as amended.

The Workmen's Compensation Law expressly provides that all questions arising under such law must be passed upon by the board. Section 5, art. 8307, R. S. 1925, as amended. The right of appeal given by this law does not clothe either the district or county court with jurisdiction to determine the amount of compensation to be awarded an injured employee until such issue has first been passed upon by the Industrial Accident Board.

Subdivision 4 of section 12b, article 8306, R. S. 1925, requires the insurer to provide the injured employee an operation in hernia cases. It is further stipulated that if he fails to undergo such operation, in the event it is found by proper medical examination that he is not suffering from such chronic disease or other physical condition as would render it more than ordinarily unsafe for him to undergo the same, he shall be compensated under the general provisions of the act for a period not exceeding one year. Should he submit to the operation, and it be successful, a fact which must be determined by the board, he is entitled to compensation for 26 weeks, including the expenses incident to such operation. On the other hand, if the operation is unsuccessful, and the injury does not result in death, he is entitled to compensation under the general provisions of the act the same as if the operation had not been had. Subdivision 4, § 12b, art. 8306, R. S. 1925.

It is apparent from these provisions that there can be no final award in a hernia case until the board has definitely and finally fixed the specific compensation which the injured party is entitled to receive. The award which is sought to be appealed from in this case is merely a preliminary order. It does no more than direct that the claimant be afforded a surgical operation. In the very nature of things the board could not, at the time it entered this order, determine what compensation should be finally awarded the claimant, as the amount thereof would be wholly dependent upon certain contingencies. If he was willing to submit to the operation, and the insurer refused to furnish it, he was entitled to be compensated under the general provisions of the law according to the degree of incapacity which the board might find he had suffered by reason of his injury. Texas Employers' Ins. Ass'n v. Neatherlin (Tex. Com. App.) 48 S.W.(2d) 967, not yet reported [in State reports]. If the operation was performed, the amount of compensation to be awarded would depend upon whether the same was successful or unsuccessful, a fact which, likewise, must be ascertained by the board.

While the award made in this case does provide that certain fixed compensation shall be awarded upon some of the contingencies which may arise, it was impossible for the board to determine at that time, under all of the various contingencies, what would be a proper compensation for the injured employee. Even under the compensation provided for in the preliminary award the board must necessarily determine at a later date the existence of the facts justifying the amount awarded. To illustrate: The award made in this case provides that the claimant shall be entitled to certain specific compensation if he refuses to submit to the operation, and another and different compensation, if he submits to the same and it is a success. But neither of these specific awards can be enforced until the board has determined a fact question; that is, whether the claimant has refused to submit to the operation or, if

he has submitted thereto, whether the same is in fact a success.

It is thus apparent that the Industrial Accident Board, by the order sought to be appealed from, has done no more than take the preliminary step required in hernia cases under the terms of the Compensation Act. It has ordered the insurer to furnish the injured employee an operation. The claimant asserts that the insurer has declined to comply with this order. Under such circumstances, it is the duty of the board to ascertain whether the insurer has in fact refused to comply with its order for an operation, and, if so, to determine the extent of the injured employee's incapacity and award him compensation in accordance with the general provisions of such act. Texas Employers' Ins. Ass'n v. Neatherlin, supra. Of necessity, the Industrial Accident Board must retain jurisdiction of this claim until it is in position to and does finally adjudicate what compensation the claimant is entitled to receive. When such an award is made, either party to the proceeding, if dissatisfied with same, may prosecute an appeal to a court of competent jurisdiction.

We recommend that the judgments of the county court and the Court of Civil Appeals be reversed, and the cause dismissed.

CURETON, C. J.

The judgments of the county court and Court of Civil Appeals are both reversed, and the cause dismissed, as recommended by the Commission of Appeals.