TEXAS EMPLOYERS INSURANCE ASSOCIATION V. D. E. MARSDEN.

No. 6487. Decided March 18, 1936.
(92 S. W., 2d Series, 237.)

*Lawther, Cox & Cramer* and *Wm. M. Cramer,* of Dallas, for plaintiff in error.

*Frank S. Roberts,* of Breckenridge, for defendant in error.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This suit is by defendant in error, D. E. Marsden, to set aside an award of the Industrial Accident Board allowing hernia benefits under subdivision 4, section 12b of the workmens' compensation act, revised statutes, 1925. The trial court upon a jury trial rendered judgment in favor of the claimant. The Court of Civil Appeals affirmed the judgment, Chief Justice Hickman dissenting. 57 S. W. (2d) 900.

It is pointed out in the dissenting opinion that the question presented is the exact question that was before the Supreme Court in Tally v. Texas Employers Insurance Association, 48 S. W. (2d) 988, to wit, that the award of the board requiring an operation for hernia was not final as respects the jurisdiction of the trial court to set it aside upon appeal.

The award shows upon its face that the amount of compensation finally to be awarded is wholly dependent on certain contingencies, and is substantially identical with the award set out in the opinion in the Tally case, supra. The statement in the dissenting opinion is correct that the holding of the Commission of Appeals in that case "was necessarily approved by the Supreme Court, which entered its judgment reversing the judgments of the trial court and the Court of Civil Appeals and dismissing the cause." The personnel of the Supreme Court as then constituted was Chief Justice Cureton, and Justices Greenwood and Pierson. In a recent opinion the Supreme Court in Texas Employers Insurance Association v. Lemons, 125 Texas, 373, 83 S. W. (2d) 658, Justice Critz speaking for the court as presently constituted, referred with approval to the Tally case, and has this day adopted the opinion of the Commission in Petroleum Casualty Company v. Webb, 127 Texas, 91, 92 S. W. (2d) 236, which gives controlling effect to the Tally case. It is pointed out in the Webb case that the question here presented has been definitely settled.

The judgments of the trial court and Court of Civil Appeals are reversed and the cause is dismissed for lack of jurisdiction.

Opinion adopted by Supreme Court March 18, 1936.