## PETROLEUM CASUALTY COMPANY V. WILLIAM C. WEBB.

No. 6472.   Decided March 18, 1936.
(92 S. W., 2d Series, 236.)

*K. W. Gilmore,* of Houston, for plaintiff in error.

*Hertsberg & Kercheville,* of San Antonio, for defendant in error.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Plaintiff in error, Petroleum Casualty Company, hereinafter referred to as insurer, appealed from an award of the

Industrial Accident Board in favor of defendant in error, William C. Webb, the claimant.

The claimant filed a plea to the jurisdiction of the court alleging want of jurisdiction upon certain grounds not necessary to be stated. In his answer following the allegations that the injury received resulted in a hernia within the provisions of section 12b, article 8206, revised statutes, 1925, of the workmens' compensation act, claimant pointed out that he had not submitted, and had not been ordered to submit, to an operation by any final order of the Industrial Accident Board. The trial court sustained the plea to the jurisdiction apparently upon other grounds, and dismissed the case. The Court of Civil Appeals affirmed the judgment of dismissal. 54 S. W. (2d) 1066.

The case upon the face of the record is controlled by Tally v. Texas Employers Insurance Association (Com. App.), 48 S. W. (2d) 988. It appears from the copy of the award set out in the transcript that it is substantially identical with the award made by the board in the Tally case. Commissioner Leddy, speaking in that case for Section B of the Commission, after directing attention to the stipulations of the hernia section of the act, supra, says:

"It is apparent from these provisions that there can be no final award in a hernia case until the board has definitely and finally fixed the specific compensation which the injured party is entitled to receive. The award which is sought to be appealed from in this case is merely a preliminary order."

The only question discussed is whether the award, which is set out in full in the opinion, was final. The conclusion was reached that it was not, and that an appeal did not lie.

The recommendation of the Commission was that the judgments of the trial court and Court of Civil Appeals be reversed and the cause dismissed.

In the recent case of Texas Employers Insurance Association v. Lemons, 125 Texas, 373, 83 S. W. (2d) 658, Justice Critz speaking for the Supreme Court in reversing and remanding the case, directs attention to the decision in the Tally case as a guide upon retrial. The question presented, it is apparent, has been settled. The trial court in the present case was without jurisdiction of the appeal since the award made by the board is not final. It is not necessary to pass upon the other jurisdictional questions presented. The judgment of the trial

court dismissing the case and that of the Court of Civil Appeals affirming the dismissal, are affirmed.

Opinion adopted by the Supreme Court March 18, 1936.