## HEARD v. TEXAS COMPENSATION INS. CO.

### No. 8130.

Circuit Court of Appeals, Fifth Circuit.
Dec. 21, 1936.

Rehearing Denied Jan. 30, 1937.

knee joint was inflamed, tender, and painful, and that the floating or detached semilunar cartilage in the knee joint caused it to lock at unexpected moments, the whole condition disabling him from performing any kind of labor.

On December 5, shortly before the cause was called for trial, and nearly a year after receipt of the injury, appellee in the District Court and for the first time in the progress of the compensation claim, tendering an operation, moved the court to order a medical examination to determine whether or not under the applicable section of the statute, appellant should submit to one.

Appellant opposed the motion on the ground that it came too late and would unnecessarily delay the trial. The District Judge, however, granted the motion and appointed physicians to examine the defendant and report whether or not a surgical operation would effect a cure, or would materially and beneficially improve defendant's condition, and whether or not the physical condition of defendant was such as to render it more than ordinarily unsafe for him to submit to the operation. Appellee requested that a number of inquiries submitted by him should be propounded searching out details in regard to the nature and probable result of an operation and its advisability and safety. These requests were denied. On December 21, 1935, the doctors filed a written report stating that the subjective symptoms showed a displaced semilunar cartilage which in their opinion could be relieved by an operation comparatively safe and highly successful, and that there was nothing in appellant's physical condition that would increase the hazards of such operation. At a subsequent term of the court appellee exhibited the report of the physicians, tendered the operation, and prayed that an order be entered requiring appellant to submit to it, and that in the event he refused, the court reduce his compensation in accordance with the statute to a period of one year.

Appellant opposing the motion, took issue with the report, called attention to claimed deficiencies in it, and insisted that if permitted to adduce evidence he could show that the operation ought not to be performed. He prayed that the motion be denied, and in the alternative, that he be permitted to offer evidence in controversion of the report, and that the issue of

W. W. Naman, of Waco, Tex., and James Henry Taylor, of Temple, Tex., for appellant.

E. Y. Boynton, of Waco, Tex., and John H. Bickett, Jr., and C. M. Means, both of Dallas, Tex., for appellee.

Before SIBLEY and HUTCHESON, Circuit Judges, and STRUM, District Judge.

HUTCHESON, Circuit Judge.

This suit was for compensation under the Texas Workmen's Compensation Act (Rev.St.Tex.1925, art. 8306 et seq., as amended [Vernon's, Ann.Civ.St.Tex. art. 8306 et seq.]), for injuries consisting of a fracture of the semilunar cartilage and a tearing of the ligaments of claimant's knee. It was brought to the District Court by appellee from the Industrial Accident Board's award of $16.20 per week for 200 weeks. Appellant answered and filed a cross-action in the cause, claiming, as he had claimed before the Board, that the

fact whether or not he should be required to submit to an operation be sent to the jury under appropriate instructions. The District Judge denied these requests, and basing his decision solely on the report of the physicians, ordered appellant to submit to the operation. Appellant, excepting to the order on the ground that he had been denied the right to offer evidence, and the right to have the issue determined by the jury, refused to submit, whereupon the order appealed from was entered fixing his compensation under the statute for the period of one year.

As appellant sees the matter, two questions are involved in his appeal: (1) The denial to appellant of the right to adduce evidence touching the nature and extent of the injury and the risks involved; (2) in not submitting to the jury the determination of whether the operation should be undergone. On these two points appellant and appellee have joined issue, appellee insisting that the matter of an examination is a preliminary one, remitted by statute to the sole determination of the judge without a jury upon the report of physicians selected by the court. Appellee insists further that whatever the abstract right of a claimant might be to offer evidence in controversion of the report, or to go to a jury where there is any fact issue to be tried, appellant shows no injury, and therefore nothing of which he can complain, for he makes no sufficient showing that any evidence could be offered controverting the report, or any other conclusion reached than that of the report. Appellant, on his part, insists that the issue was not one for the court, but for the jury, to be determined not on the report alone, but on full evidence, and that the court erred both in taking it from the jury and in deciding it on the report alone.

Whether appellant or appellee is right in these contentions as to the manner in which and by whom the question raised by the motion for the operation should be determined when raised for the first time in the District Court, we do not decide, for we think it plain that the court was wholly without jurisdiction to proceed with or to entertain the motion.

█ It is settled law that the remedy afforded by the Texas Workmen's Compensation Statutes is exclusive; that the jurisdiction of the District Court is a special jurisdiction and that in a workmen's compensation case every step provided in the statutes must be taken as there prescribed. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Oilmen's Reciprocal v. Franklin, 116 Tex. 59, 286 S.W. 195; Federal Surety Co. v. Jetton (Tex.Com.App.) 44 S.W.(2d) 923. It is settled also, by the decisions, that while, in a sense, trial in the District Court is de novo, it is only so as to issues and matters first heard before the Board, and its jurisdiction is limited to a retrial of those matters the Board has first tried. Hartford Accident Co. v. Choate (Tex.Com.App.) 89 S.W.(2d) 205; Comml. Standard Ins. Co. v. Lowrie (Tex. Civ.App.) 49 S.W.(2d) 933; Federal Surety v. Jetton (Tex.Com.App.) 44 S.W.(2d) 923; Stratton v. Gulf Casualty Co. (Tex. Civ.App.) 53 S.W.(2d) 518.

█ The decisions settle it too, that while as to matters properly triable de novo by appeal from the Board the court is vested with as complete jurisdiction to try them as the Board had, it was not intended by the statutes to, and they do not, confer upon the court all of the administrative jurisdiction that they give the Board. Federal Surety Co. v. Cook, 119 Tex. 89, 24 S.W.(2d) 394.

█ When, then, appellee applied to the District Court for an order on appellant for a surgical operation, failure to comply with which would forfeit the greater part of appellant's compensation, it was first incumbent upon it to point either to the fact that the matter was one which had been first passed upon by the Board and was to be tried de novo by the court, or to some other jurisdictional basis for the proceeding.

We look in vain to the statute, section 12e, art. 8306, invoked by appellee and relied on by the District Judge, as authority for ordering the examination and the operation, for support for the action taken. That section does not, either in terms or in effect, authorize a proceeding in the District Court such as the one here. The authority it gives is to the Board. Under this statute an operation may be ordered by the Board, and by it only when there has been (1) a demand in writing to the Board by either of the parties. (2) An order by the Board for a medical examination as provided in section 12b, art. 8306, the hernia statute. (3) An examination, report of facts and opinions of experts, all reduced to writing and filed with the Board, showing that such operation is advisable and will relieve the condition of

the injured employee, or will materially benefit him. (4) A statement to that effect by the Board in writing. (5) The unanimous order of the Board in writing, a copy of which shall be directed to the employee and the association, and shall direct the employee at a time and place therein stated, to submit himself to an operation for said injury.

Further, the invoked section expressly provides that if the Board should find that said operation is not advisable, then the employee shall continue to be compensated for his incapacity under the general provisions of the law.

A further provision of it is that if the Board shall unanimously find and so state in writing, that the operation is advisable, it shall make its order and if the employee refuses to submit to such operation, the Board may order or direct the association to suspend the whole or any part of the compensation during said period. Finally, there is the provision "the results of such operation, the question as to whether the injured employee shall be required to submit thereto and the benefits and liabilities arising therefrom shall attach, be treated, handled and determined by the board in the same way as is provided in the case of hernia."

The hernia statute, section 12b, art. 8306, provides (1) that the association shall in all cases where it is liable for compensation, provide competent surgical treatment by radical operation. (2) If the injured employee refuses to submit, the Board shall order an examination and report. (3) Shall determine from the written report, signed and sworn to, whether the operation is advisable, and not more than ordinarily unsafe. (4) If it determines against the operation the employee shall, if unwilling to submit to it, be entitled to compensation under the general provisions of the law. (5) If upon the report the Board finds the examination desirable and not more than ordinarily unsafe, and orders the operation, then the employee refusing to submit, shall receive compensation under the general provisions of the law for a period not exceeding one year.

It thus appears that while there are some unsubstantial differences in the wording of the two sections, they are in legal effect the same, section 12e giving the same effect to proceedings under it as attend those under section 12b. The authority of the Board and of the court under each is the same.

While therefore decisions of the Texas courts under section 12e are lacking for our guidance in its construction, the abundance of decisions under the hernia section clearly points our way. Under that section the Supreme Court of Texas has laid it flatly down that before an appeal can be taken from the Board, or any jurisdiction with regard to the claim can vest in a court, the Board must, at least, if the operation issue is raised, have passed finally on it. That, in short, an order of the Board which does not finally dispose of the issue at least when it has been raised there, is not appealable. The effect of these decisions is that where the operation issue has been raised before the Board there can be no trial in the District Court until the Board has first passed finally on the issue of whether an operation shall be ordered and complied with. Tally v. Texas Employers' Ins. Ass'n (Tex.Com.App.) 48 S.W.(2d) 988; Texas Employers' Ins. Ass'n v. Lemons, 125 Tex. 373, 83 S.W. (2d) 658; Petroleum Casualty Co. v. Webb (Tex.Com.App.) 92 S.W.(2d) 236; Texas Employers' Ins. Ass'n v. Marsden (Tex. Com.App.) 92 S.W.(2d) 237.

The precise question presented here, whether when the Board has not acted at all upon a request for an operation, where indeed, no request has been made to it, and the matter has proceeded to a final award there under the general statutes, the District Court may, as a matter of first impression, entertain the motion for the tender of an operation, and having determined its necessity, order it against an unwilling claimant, has not, as we are informed, been decided in Texas under either section. We think, however, that the decisions already rendered leave no room for doubt that such a jurisdiction may not be exercised, for generally they make it plain that the jurisdiction of the District Court in compensation matters is dependent upon their having been first tried before the Board.

Whether it is now too late, the claim having gone to final decision before the Board, followed by an appeal to the court, for appellee to now return to the Board to bring the matter up for action there, is not before us. We do not undertake to decide it.

Neither do we undertake to decide whether the issue presented by these opera-

tion statutes is one for the purely administrative, and therefore completely final action of the Board, or is an issue which, like other issues arising on the claim after having been determined by the Board, is to be tried de novo in the District Court upon appeal. These questions have not as yet, we are advised, been decided by the Supreme Court of Texas. They are not before us for decision. All that we decide is that the District Court did not have jurisdiction to proceed as it did. As the record stood before the District Court, with no initial action by the Board, it is quite plain, we think, that the court was without authority to entertain the motion for and to order, the operation, or to take it at all into account in the judgment on the claim. We are the more inclined not to anticipate by entering upon a discussion of the legal situation which will confront the parties on the return of the mandate, because we are advised that in two cases now pending in the Supreme Court on granted writs of certiorari from Courts of Civil Appeals, Employers' Liability Ins. Corp. v. Johnson (Tex.Civ.App.) 84 S.W.(2d) 894, and Tally v. Texas Employers Ins. Ass'n (Tex.Civ. App.) 93 S.W.(2d) 1209, these or similar questions are being pressed and will probably be decided there before this case is again tried in the District Court.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.