**TRADERS & GENERAL INS. CO. v. CHANCELLOR.**

**No. 3542.**

Court of Civil Appeals of Texas. El Paso.

April 29, 1937.

Rehearing Denied May 20, 1937.

Claude Williams and Lightfoot, Robertson, Saunders & Gano, all of Fort Worth, and Hudson & Hudson, of Pecos, for appellant.

J. W. Chancellor and Donald & Donald, all of Bowie, for appellee.

HIGGINGS, Justice (after stating the case as above).

[1-5] 1. Appellant's first assignment complains of the overruling of its plea in abatement. This plea challenged the jurisdiction of the court upon the ground that the order of the Industrial Accident Board was not a final order from which an appeal would lie, because of that portion of the board's order directing an operation.

This is not a hernia case. If such were its nature, it would seem the plea would be well taken under the rulings in Tally v. Texas E. I. Ass'n (Tex.Com.App.) 48 S.W.(2d) 988, Petroleum Cas. Co. v. Webb (Tex.Com.App.) 92 S.W.(2d) 236, and Texas E. I. Ass'n v. Marsden (Tex.Com. App.) 92 S.W.(2d) 237. The cases cited were hernia cases, and in such cases the law imposes upon the compensation carrier the duty to provide surgical treatment by radical operation under certain conditions. Article 8306, subdivision 4 of section 12b. In all hernia cases, the Industrial Accident Board has jurisdiction to order an operation, if the employee will not voluntarily submit thereto.

In cases of general injuries, the board may order an operation under certain conditions when either the injured employee or the insurance carrier may in writing demand such operation. Article 8306, § 12e.

The Industrial Accident Board is not a court, but an administrative body created by statute and possessing those powers only conferred upon it by statute. Commercial C. I. Co. v. Hilton, 126 Tex. 497, 87 S.W.(2d) 1081, 89 S.W.(2d) 1116.

It follows that the board, in general injury cases, has no authority to order an operation upon an injured employee, unless demand therefor in writing has been first made by the employee or the insurance carrier, or both. In the absence of such demand, the board has no jurisdiction to order an operation.

The plea in abatement does not allege, nor was any evidence offered, that such demand was made in this case. The order of an operation was beyond the jurisdiction of the board. It was void. Heard v. Texas C. I. Co. (C.C.A.) 87 F.(2d) 30.

Disregarding this void feature of the board's order, such order denies the claim against the Maryland Casualty Company, and allows the claim against appellant, and orders compensation at the rate of $12.12 per week for an indefinite period, not to exceed 401 weeks. These features of the order render same a final order in the appealable sense. Southern S. Co. v.

Hendley (Tex.Civ.App.) 226 S.W. 454; Lumbermen's R. Ass'n v. Warren (Tex. Civ.App.) 272 S.W. 826; Texas E. I. Ass'n v. Vestal (Tex.Civ.App.) 271 S.W. 225; Vestal v. Texas Employers' Ins. Ass'n (Tex.Com.App.) 285 S.W. 1041.

2. The next group of propositions assert there is no evidence to show the proper wage rate upon which appellee is entitled to compensation, and if there be such evidence, nevertheless, the court was not authorized to make the finding, but it was an issue for the determination of the jury, which issue was waived by appellant's failure to request the submission of the same.

The appellee pleaded and proved it was impracticable to compute his wages under the first subdivision of section 1, Rev.St. 1925, art. 8309, § 1, subsec. 1, article 8309, R.S. He offered no evidence to support his alternative allegation as to the average daily wage of employees of the same class working substantially the whole of the preceding year in the same or similar employment in the same or neighboring places. In the absence of such evidence, appellee's wages could not be computed under the second subsection. American E. Ins. Co. v. Singleton (Tex.Com.App.) 24 S.W.(2d) 26.

Nor did appellee offer any evidence that there were no such employees, and therefore there was no evidence to authorize the computation of his wages under the third subsection. American E. Ins. Co. v. Singleton, supra.

On the other hand, if there was evidence sufficient upon which to base the computation under the second or third subsection, then the issue as to the average weekly wage was an independent one required to be submitted to the jury. Norwich U. I. Co. v. Chancellor (Tex.Com.App.) 5 S.W. (2d) 494.

By failing to request the submission of such issue, appellant waived the same, and the finding thereon by the court was unauthorized. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

It cannot be determined whether the court computed the wage rate under the second or third subsection, but in either event the evidence as to the proper wage rate is not undisputed, for which reason the court was not authorized to withdraw the issue from the jury.

3. The evidence shows the Westerly Supply Company (Weiner), by written contract, sublet to F. C. Ingham the wrecking and dismantling of the reservoirs. The contract did not reserve to said company any right to control the details of the work. As to that, the contract is silent. The evidence shows J. W. Brown was an employee of Ingham in charge of the work as Ingham's superintendent or foreman. Brown, acting for Ingham, employed and paid Chancellor his wages. Under the evidence in this case, it cannot be said as a matter of law that Ingham was not an independent contractor. If Ingham was an independent contractor, then Chancellor was not an employee of the supply company, and not covered by the policy issued by appellant which, as written, protected only employees of the supply company. Whether Chancellor was an employee of the supply company was a vital issue depending upon the status of Ingham as an independent contractor. In the state of the evidence, the failure of the appellee to request the submission of the issue operated to waive the same. It cannot be presumed, in support of the judgment, that the trial court found the issue in such way as to support the judgment. Norwich U. I. Co. v. Chancellor (Tex.Com.App.) 5 S.W.(2d) 494.

The evidence very clearly shows that in procuring the policy written by appellant, Weiner intended to procure a policy protecting the employees engaged in wrecking the reservoirs. If Ingham was an independent contractor, then the evidence is sufficient to raise the issue of mutual mistake of the parties in naming the supply company instead of Ingham as the employer. This phase of the case is presented by the evidence and the pleadings of appellee.

Upon retrial it should, upon proper request, be submitted to the jury.

4. The assignment is also sustained which complains of the admission of the testimony of appellee's medical expert, Dr. Kiel, who testified concerning appellee's disability. Dr. Kiel testified he examined Chancellor for diagnosis and treatment, but had not treated him. His testimony also shows his testimony as to appellee's condition was based in part upon objective symptoms which he found, and in part upon the history of the case and subjective symptoms as related to him by ap-

pellee. Since the evidence shows Dr. Kiel based his opinion as to appellee's condition in part upon subjective symptoms and the history of the case as related to him by appellee, his said opinion was inadmissible. Texas Employers' Insurance Association v. Wallace (Tex.Civ.App.) 70 S.W.(2d) 832; Gaines v. Stewart (Tex. Civ.App.) 57 S.W.(2d) 207; Traders & General Insurance Company v. Rhodabarger (Tex.Civ.App.) 93 S.W.(2d) 1180; Texas & N. O. Ry. Co. v. Stephens (Tex. Civ.App.) 198 S.W. 396; Wheeler v. Tyler S. E. Ry. Co., 91 Tex. 356, 43 S.W. 876; 65 A.L.R. 1218–1223, and cases cited therein.

5. For the errors pointed out, the judgment must be reversed. It therefore becomes unnecessary to consider the assignments relating to alleged conflicts in the findings of the jury.

The judgment in favor of the Maryland Casualty Company is not disturbed.

Reversed and remanded.