## TRADERS & GENERAL INS. CO. v. BAKER.

### No. 3568.

Court of Civil Appeals of Texas. El Paso. Nov. 18, 1937.

Rehearing Denied Dec. 23, 1937.

**838**

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, and Lightfoot, Robertson, Saunders & Gano and Claude Williams, all of Fort Worth, for appellant.

Houston & Johnson, of Dallas, for appellee.

WALTHALL, Justice.

This is a suit brought by appellee, D. L. Baker, as plaintiff, to recover of appellant, Traders & General Insurance Company, compensation under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., for personal injuries alleged to have been sustained by him on the first day of February, 1934, while working in the course of his employment for the firm of Johnson & Burnham, a copartnership composed of J. H. Johnson, G. H. Burnham, and D. J. Johnson.

Upon the trial before a jury, submitted on special issues, a judgment was rendered, on the verdict, in favor of appellee for a lump sum of $6,328.12, from which this appeal is duly prosecuted.

Appellee filed this suit in the district court of Gregg county in which his injuries complained of are alleged to have occurred, on appeal from the award of the Industrial Accident Board.

Appellee alleged that the accident, from which his injuries resulted, occurred on February 1, 1934; that he filed his claim with the board on September 17, 1934; the board made its final ruling and decision on March 22, 1935; that within twenty days from the decision of the board he gave notice to the board that he was not satisfied with its ruling and would not abide thereby, and within twenty days of giving such notice he brought this suit.

Appellee alleged that his employer had actual knowledge of the accident resulting in his injury within thirty days from its occurrence; that his injury did not result in disability and become compensable until on or about the 1st day of May, 1934; and that he made claim for compensation within six months from the infliction of compensable injury, to wit, on or about September 17, 1934. Appellee alleged in the alternative that if he is mistaken in his conclusion that his claim was filed within six months from the date of compensable injury, and that his claim should have been filed within six months from the happening of the accident on February 1, 1934, appellee's cause is a meritorious one and he has good cause for failing to make claim within six months from said date and not filing same until on or before September 17, 1934, in that appellee in fact did not realize that he had sustained any disabling injury and considered his injury trivial until the contrary later developed, and in that, also, when his disability first became apparent he was of the opinion that it was due mainly to rheumatism, and would be temporary, and was treated for rheumatism by physicians and did not attribute the disability to the injury until

immediately before filing his claim for compensation as above; and pleading further in the alternative appellee alleged that during a part of the intervening time he was physically and mentally incapacitated to give attention to the filing of any claim, in that he underwent an operation and was confined in the hospital, stating time.

Appellant answered by general denial, specially denied the issuance of a policy as alleged by appellee, denied that appellee had received any accidental injuries in the course of his employment, and alleged that appellee's claim for compensation was filed more than six months after the alleged injuries, and prayed that said award be set aside and held for naught.

The court overruled appellant's motion to instruct the verdict in its favor, and overruled appellant's motion for a new trial.

### Opinion.

The award made by the Industrial Accident Board on appellee's claim is that appellant pay to appellee "$20.00 per week for an indefinite period in the future not exceeding 104 consecutive weeks from May 1st, 1934, for total incapacity."

■ Appellant submits that the order of the board in stating the award and directing its payment is not such a final ruling, decision, and award of the board as will authorize an appeal therefrom to the courts, in that it leaves the period of compensation undetermined and for an indefinite time, and any attempt to appeal therefrom would not have the effect to vest the court with jurisdiction; that the district court did not acquire jurisdiction by the appeal from said order; and that appellee's claim is still undetermined before the Board.

We are referred to article 8307, section 5, of the Revised Statutes, as amended, Vernon's Ann.Civ.St. art. 8307, § 5, and to a number of cases from the Courts of Civil Appeals, and the Commission of Appeals, as sustaining appellant's proposition. We have carefully reviewed the cases and think they are distinguishable from the case now before us. It would extend the opinion to too great length, and would serve no useful purpose, to review them here.

In Vestal v. Texas Employers' Ins. Ass'n, Tex.Com.App., 285 S.W. 1041, the writ of error was granted to review the case in which the award of the board was in favor of Vestal requiring the insurer "to pay to said Vestal the sum of $15 per week for a period not in excess of 401 weeks." The trial court found that the award was as final an award as the board was empowered to make under the statute. The Court of Civil Appeals held that the award was sufficiently final to predicate suit thereon. In the discussion of the case by Judge Speer for the Commission of Appeals, as we view it, while the sufficiency of the award to constitute a final award of the board and upon which to base an appeal to a court for a trial de novo was not specifically discussed, we understand that the Commission of Appeals regarded the award as a final decision of the board. The case was reversed on other grounds but not for want of finality in the award.

In Lumbermen's Reciprocal Ass'n v. Warren, Tex.Civ.App., 272 S.W. 826, 827, writ refused, the Industrial Accident Board, in refusing Warren a lump sum, and in granting him an award on his claim for total disability, found that Warren suffered total incapacity from September 8, 1923, to the time of the hearing of his claim, and will continue to suffer total incapacity for an indefinite period in the future, and then said: "And he is therefore entitled to recover and be paid compensation herein at the rate of $10.38 per week, beginning on September 16, 1923, and continuing thereafter down to and including this date, and to continue for an indefinite period in the future and until and unless altered, changed, modified, or terminated by subsequent agreement between the parties, in accordance with the terms and provisions of the employer's liability act, and subject to the approval of the Industrial Accident Board, or until and unless altered, changed, modified, or terminated by subsequent order, award, judgment, or decree of the Industrial Accident Board, but in no event to continue for a longer period than 401 weeks from and after September 8, 1923."

Appellant contended, as in this case, that the order was not final. The court said the criticism was without merit; that the Board had no authority, under the article of the statute referred to, to make any order other than was made.

■ The rule seems to be established that an award or order determining a claim for compensation is in the nature of a judgment. Texas Employers' Ins. Ass'n v.

Morgan, Tex.Com.App., 295 S.W. 588, and, unless and until it is set aside by an appeal therefrom, it is binding and conclusive upon the parties, and entitled to the same faith and credit as a judgment of a court, Ocean Accident & Guarantee Corporation v. Pruitt, Tex.Com.App., 58 S.W.2d 41, and subject only to the Board's power of modification under the statute. 45 Tex. Jur. p. 750, par. 268 et seq.

■ The rule above stated does not apply to an award or order directing a claimant to undergo a hurried operation, when the order shows upon its face that the amount of compensation finally to be awarded is . dependent on contingencies, and in such cases the order is interlocutory. Texas Employers' Ins. Ass'n v. Marsden, 127 Tex. 84, 92 S.W.2d 237.

■ Appellant submits that the policy of insurance introduced and relied upon was issued to and covered only the employees of Johnson & Burnham, a copartnership composed of D. J. Johnson and G. H. Burnham, and that there was a variance between the allegation and proof, and the jury should have been instructed as requested.

The petition alleged, on information and belief, that the firm of Johnson & Burnham was composed of J. H. Johnson, G. H. Burnham, and D. J. Johnson, and that if it should appear that the policy issued describes the partnership as composed of only D. J. Johnson and G. H. Burnham, the description is due to accident or mistake, that the true intent of the parties to the insurance contract made for plaintiff's (appellee's) benefit being to insure the firm of Johnson & Burnham, the mistake should be corrected and reformed to speak the truth. The petition alleged that there was only one firm of Johnson & Burnham in Gregg county, and made other allegations in reference thereto, which we omit. Appellee insists that the petition laid a proper predicate for the proof and that there was no variance.

We think it was not necessary to reform the policy. New Amsterdam Casualty Co. v. Harrington, Tex.Com.App., 290 S.W. 726.

■ In the absence of any allegation and proof on the part of appellant that appellee was guilty of fraud and deception in withholding the name of the third member of the firm, not mentioned in the policy as a member of the firm, and that but for such fraud appellant would not have issued the policy, the court was not in error in refusing to instruct the jury as requested. Southern Underwriters v. Shipman et al., Tex.Civ.App., 97 .S.W.2d 370, writ 'dismissed.

■ The proof shows and the jury found that appellee received his injuries complained of on February 1, 1934. On issues submitted the jury found that appellee's injuries were received in the course of his employment, that total incapacity resulted from such injuries, and that the total incapacity was permanent; the evidence shows that appellee, after receiving his injuries, continued to work at the same job and at the same pay until May 28, 1934, at which time appellee went to his doctors for treatment, and continued under their treatment until March, 1935, at which time he was discharged by the doctors and again went to work at less pay and as watchman on the work, and continued in such work until about three weeks before the trial of this case in June, 1936. The point made here is that no issue was submitted to the jury or requested as to the date when total disability commenced; as to that date the court, in the judgment, states the date "of the commencement of total disability, May 1, 1934, to the present date." Appellant submits that the nonsubmitted and nonrequested issues were waived, and that the court was not authorized to make any findings on such issues to support the judgment, and to enter judgment allowing compensation for total incapacity for a period of 401 weeks from May 1, 1934, instead of from the date of the accidental injury on February 1, 1934.

The evidence sufficiently shows, we think, that appellee sustained the injuries complained of, and so found by the jury, which finally developed about May 1, 1934, at which time appellee became incapacitated to perform his usual tasks, performed no manual labor. He did later perform the work of a watchman or work of that character. His usual work was that of a manual laborer. We have found no evidence in the record to contradict the fact that appellee's total disability occurred, or finally developed, on May 1, 1934, as found by the court and so stated in the judgment, at which time appellee went to the doctor for treatment and continued receiving treatment and hospital service until March, 1935, when he was discharged.

We sustain appellant's proposition that compensation, when allowed, should be from the date of the accidental injury on February 1, 1934, instead of on May 1, 1934. Texas Employers Ins. Ass'n v. Guidry, Tex.Com.App., 99 S.W.2d 900; Jones v. Texas Employers Ins. Ass'n, Tex.Com.App., 99 S.W.2d 903; Texas Employers Ins. Ass'n v. White, Tex.Com.App., 99 S.W.2d 904; Indemnity Ins. Co. v. Williams, Tex.Com.App., 99 S.W.2d 905.

The court submitted special issue No. 5, as follows: "Has, or will, plaintiff D. L. Baker, suffer any partial incapacity to labor as a result of the injuries, if any, sustained on or about February 1, 1934? If you find from a preponderance of the evidence that he has not and will not sustain any partial incapacity, let your answer be 'No,' otherwise, you will answer 'Yes.'"

The point made is that the issue as submitted is duplicitous, in that it submits two controverted issues. We do not see the pertinency of the issue. Appellee's suit is to recover for total permanent incapacity to perform his usual tasks as a workman, a common laborer, in the employment he was employed in at the time of his injuries. The partial incapacity inquired about would seem to be evidentiary. But, if partial incapacity is the ultimate fact, we still think the issue as submitted is not duplicitous as claimed. 41 Tex.Jur. p. 1107, par. 276, and cases referred to in notes.

We have concluded that point six is not properly before us for consideration, and for that reason is not considered.

The seventh and eighth points submit, in effect, error in refusing to set aside the verdict of the jury finding total and permanent incapacity, "on the ground that the verdict was contrary to and not supported by the evidence, and was contrary to the great weight and preponderance of the evidence as to show bias, prejudice or some other improper motive." The propositions are too general to be of much assistance to us, and seem to embrace points covered in other points. We have carefully reviewed the entire record. The weight to be given the evidence is primarily with the jury. Clearly the evidence was sufficient to require the submission of the case to the jury. In addition to the testimony of appellee, who testified fully as to his injuries and the result of the injuries, to which we make no further reference, a physician testified that in September, 1934, he examined appellee fully as to his injuries, made several X-ray pictures of parts of his body, testified as to appellee's condition in connection with the X-ray pictures, and, in answer to questions, stated that in his opinion appellee was not able to secure and retain employment and perform the usual tasks of a workman, and that appellee's condition is permanent. Other physicians testified to a per cent of permanent incapacity.

The evidence shows that appellee had an operation on his back in which splints of bone were taken from his shin and embedded as splices across sections of his lower spine, and that at the trial in May, 1936, appellee wore a steel brace designed to relieve the pressure of his body on the lower part of his back.

Appellee concedes in his oral argument and in his brief that the judgment should be reformed, as above indicated.

The final ruling of the Industrial Accident Board is set aside. It is the judgment of this court that appellee is entitled to recover $17.30 per week for 113 weeks, representing compensation accrued from the date of the total disability, May 1, 1934, to the date of the trial, amounting to $1,954.90, with 6 per cent. interest per annum on the installments as they accrued, amounting to $117.24, and in addition the present lump sum value of 275 weekly installments of unaccrued compensation at $17.30 per week (after applying the discount provided by law) amounting to the sum of $4,092.02, the total of the accrued compensation installments and the present value of the unaccrued installments being the sum of $6,164.16; the contract of appellee with his attorneys for a fee of one-third of his recovery is allowed, and is apportioned as agreed. It is therefore adjudged and decreed that appellee Baker recover of appellant insurance company the above sum of $6,164.16, apportioned between him and his attorneys of record as above.

As above reformed, the case is affirmed.