**AMERICAN SURETY CO. OF NEW YORK v. MAYS.**

**No. 2424.**

Court of Civil Appeals of Texas. Waco.

Nov. 26, 1941.

Rehearing Denied Jan. 8, 1942.

A. D. Dyess, of Houston, for appellant.

W. R. Smith, Jr., of Austin, and R. V. Armstrong, of Bryan, for appellee.

HALE, Justice.

This is a workmen's compensation case. It was tried by the court below without a jury and resulted in judgment for appellee

as for total permanent incapacity payable in a lump sum. By appropriate assignments, appellant asserts that the trial court did not have jurisdiction of the subject matter of the suit because the Industrial Accident Board had not made a final ruling and decision on appellee's claim for compensation.

It is now settled that each step in the progress of the maturity of a claim under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., from the time of the injury to its final adjudication is a mandatory requirement, necessary to the exercise of jurisdiction by the first and succeeding statutory agencies. Our compensation law only allows appeals to the courts from final rulings and decisions of the Industrial Accident Board and the courts are without jurisdiction to determine the amount of compensation to be awarded to an injured employee until such issue has first been passed on by the Board. Article 8307, Sec. 5, Vernon's Ann.Civ.Stats.; Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084. In considering the contention here urged by appellant, it is necessary that we note the proceedings which this record shows were had before the Board.

On June 22, 1939, appellee filed with the Board his notice of injury and claim for compensation. The notice recited in substance that on June 8, 1939, appellee suffered a personal injury while in the employ of appellant's subscriber which resulted in "rupture and strained knee." The claim for compensation stated that the injury was sustained on June 7, 1939, and resulted in "knee strain and rupture." On July 18, 1939, appellee filed an amended notice and claim, reciting in each that the date of the injury was June 7, 1939, and that such injury resulted in a rupture and strained knee. On August 1, 1939, appellee filed his third notice of injury and claim for compensation with the Board reciting in each that the date of his injury was June 7, 1939, and that such injury resulted in "hernia, knee injury and severely injured an undescended testicle in my stomach causing the same to swell badly and making me totally and permanently disabled to work."

The evidence shows without dispute that the Board appointed Dr. W. P. Morgan of Austin, Texas, to make an examination of appellee. Dr. Morgan made his written report to the Board dated July 28, 1939, as follows: "I have examined Ernest Mays on two separate days and have not been able to find on either examination any evidence of a hernia in the right lower portion of the abdomen. The external inguinal ring is well formed, tight and smaller than that on the left side. There is an undescended testicle on the right side to the outside and above the external inguinal ring. This testicle seems to be degenerated. About forty to fifty per cent of undescended testicles are associated with inguinal hernia. It is possible that this testicle could have been forced through the fascia, and there be a hernia there, which I am unable to locate. The only way that I know for this man to prove evidence of a hernia is to present himself for an examination when it is out and can be felt, or to submit to surgery which would not be a hazardous procedure, as there is a feeling among many physicians that this type of testicle should be removed."

On September 6, 1939, the Board made an award finding that on June 8, 1939, appellee suffered injuries in the course of his employment resulting in his total incapacity for performance of labor for 22 weeks and ordering appellant as insurer for the subscribing employer to pay to appellee compensation for 22 weeks at the rate therein specified. The award provided further as follows: "Ernest Mays is ordered to submit himself to surgical operation at the hands of Dr. J. L. Love of Austin, Texas, for correction of undescended testicle on a date not earlier than October 16th, 1939, and not later than November 16, 1939, unless operation is performed on an earlier date by agreement. Such operation shall be performed at a hospital to be designated by the operating surgeon, and the reasonable expense incident thereto shall be paid by American Surety Company of New York."

Under date of September 15, 1939, appellee, acting through his attorney, notified the Board in writing that he would not submit to the operation as ordered, and requested the Board "to set this matter down for a hearing to determine claimant's partial permanent disability." Thereupon the Board set the claim for hearing for September 26, 1939, and under date of September 20, 1939, addressed a letter to appellant advising it of such setting and further hearing, "first, on the question of review, and second, if it is decided to go behind previous award and re-open claim,

then on its merits, to hear evidence, to determine the liability of the insurance company, and, if liable, the degree of incapacity or disability to the claimant, and all questions before the Board incident to the main issues in which the case is set, including a reduction in the period with a corresponding increase in the rate, hospital, doctors', nurses', and drug bills, and to fix an appropriate award in keeping with all the facts in the case." It is not shown when this letter was received by appellant. On September 20, 1939, appellant gave written notice to the Board that it did not consent to, and would not abide by "the final ruling, decision and award" made by the Board on September 6th, but would file suit to set the same aside and on September 23d it filed formal petition in this cause for the purpose of setting aside said award. On September 29, 1939, the Board addressed a letter to appellant advising that the case "which was set for hearing before the Board for Tuesday, September 26, 1939, is hereby cancelled from the Board's docket of set cases, as this office is now in receipt of information that suit has been filed in the District Court of Brazos County, Texas." Thereafter appellee filed his cross-action in this cause and appellant excepted to the allegations in such cross-petition upon the ground that the same failed to show that the court had jurisdiction.

Section 12b of Article 8306 of Vernon's Civ.Stats. provides for surgical treatment by radical operation in all claims for hernia resulting from injury sustained in the course of employment, subject to the terms and conditions therein set forth. Section 12e of the same Article provides for a surgical operation in all claims for general injury when such operation will effect a cure of the employee or will materially and beneficially improve his condition, subject to the terms therein set forth, and "the results of such operation, the question as to whether the injured employé shall be required to submit thereto and the benefits and liabilities arising therefrom shall attach, be treated, handled and determined by the board in the same way as is provided in the case of hernia in this law."

■ The Supreme Court has clearly established the rule that in all claims for hernia resulting from injury sustained in the course of employment there can be no final award so as to confer jurisdiction upon the courts until the Board has definitely and finally fixed the specific compensation which it finds the injured employee is entitled to receive. Its action in ordering an operation is but a preliminary step and it can not properly make a final ruling and decision until it has ascertained whether the injured claimant is willing to submit to the operation, or as to whether the insurer is willing to furnish the same, and if so as to the results of such operation. Tally v. Texas Employers' Ins. Ass'n, Tex.Com.App., 48 S.W.2d 988; Petroleum Casualty Co. v. Webb, 127 Tex. 91, 92 S.W.2d 236; Texas Employers' Ins. Ass'n v. Marsden, 127 Tex. 84, 92 S.W.2d 237; Tally v. Texas Employers' Ins. Ass'n, 129 Tex. 134, 102 S.W.2d 180; National Mut. Casualty Co. v. Lowery, 136 Tex. 188, 148 S.W.2d 1089.

It is, therefore, readily apparent that if appellee's claim for compensation and the award which the Board made thereon be construed as a claim and award for hernia, then the ruling and decision of the Board upon which the attempted appeal to the court is predicated was not final under the above-cited authorities, so as to be appealable.

It is now insisted by appellee, however, that the award of the Board was not for hernia as a specific injury, but that the same was an award for a general injury, including a surgical operation under the provisions of Section 12e of said Article 8306. It is further contended that the trial court and this court should hold that portion of the award which ordered appellee to submit himself to surgical operation at the hands of Dr. Love to be void because there is no showing in the record that either appellant or appellee made any written demand for the operation ordered. We can not sustain these contentions for the reasons which we shall now discuss briefly.

■ The claim before the Board was in part for hernia, regardless of whether it was to be compensated for as a specific or a general injury. Dr. Morgan reported to the Board, as a result of his examination, that he had not been able to find evidence of hernia; that the claimant was possessed of an undescended, degenerated testicle which should be removed; that about forty to fifty per cent of undescended testicles are associated with hernia; that an operation would not be a hazardous procedure and the same would disclose whether the claimant had sustained a hernia as

**448**

claimed. We can not say under the record in this case, that the award of the Board ordering appellee to submit himself to surgical operation at the hands of Dr. Love was based upon the provisions of Section 12e, rather than upon the provisions of Section 12b of Article 8306.

But if it should be conceded that the award was not based upon appellee's claim for hernia, we still think the court would not be warranted in assuming under this record that the Board made the award pursuant to the provisions of said Section 12e without any request therefor. It is certain that the award ordering appellee to submit himself to a surgical operation was made at a time when the Board had not ascertained whether the claimant would submit to such operation, or if so, as to whether the insurer would pay the reasonable expense incident thereto, and if so the result of the operation to be performed. The Board is not a court, but is an administrative body created by statute and vested with those powers conferred upon it by statute. On the other hand, the courts can not act as an administrative board in ordering or supervising an operation. We are therefore of the opinion that it is immaterial in this case whether the award was made pursuant to the provisions of Section 12b or of Section 12e of said Article 8306 because in either event the award was but a preliminary step and did not constitute a final ruling and decision of the Board so as to be appealable. Heard v. Texas Compensation Ins. Co., 5 Cir., 87 F.2d 30.

The record in this case presents a striking illustration of the imperative necessity for the rule which the courts have laid down with respect to attempted appeals from preliminary awards of the Board ordering an operation. All of the medical testimony in the case is to the effect that a surgical operation for an undescended testicle is advisable and that such operation would in all reasonable probability relieve the condition of which appellee complains. Yet appellee has recovered judgment as for total permanent disability on account of his condition, notwithstanding his refusal to submit to an operation before he knew whether appellant would or would not pay the reasonable expense incident thereto. We think it affirmatively and conclusively appears from the record of the proceedings had before the Board

that there was no final ruling and decision on the claim of appellee by that agency which can be made to serve as a basis for conferring jurisdiction on the courts in this case.

Because we are of the opinion that the award of the Industrial Accident Board upon which the attempted appeal to the District Court is based was not a final ruling and decision of the Board, with the result that the trial court did not acquire jurisdiction over the subject matter of this suit, and with the further result that appellee's claim for compensation is still pending before the Board undisposed of on its docket of unset cases, the judgment of the trial court is set aside and this appeal is dismissed, without prejudice to the right of either party to further prosecute the claim to a final ruling and decision of the Board, and without prejudice to the right of either party to appeal to the proper court from such final ruling and decision of the Board when so made.