**TRADERS & GENERAL INS. CO. v. WILKINSON.**

No. 3031.

Court of Civil Appeals of Texas.

Eastland.

Oct. 2, 1953.

Rehearing Denied Nov. 6, 1953.

Turner & Seaberry, Eastland, for appellant.

Carl M. Anderson, Sweetwater, for appellee.

LONG, Justice.

R. C. Wilkinson instituted this suit against Traders & General Insurance Company to recover compensation for total and permanent incapacity resulting from a hernia sustained by him on February 6, 1951. Plaintiff, in an attempt to show that his rights had not been limited by the provisions of Section 12b of Article 8306, Revised Civil Statutes, alleged that his physical condition is such as to render it more than ordinarily unsafe to submit to an operation for hernia. Defendant, in addition to a general denial, expressly alleged plaintiff was tendered but refused a hernia operation and that, under Section 12b, he was limited to a recovery of fifty-two weeks. In answer to special issues the jury found that plaintiff sustained an acci-

dental injury on February 6, 1951 which totally incapacitated him but that a hernia operation was not more than ordinarily unsafe. Defendant presented a motion that judgment be rendered on the verdict in favor of plaintiff in the sum of $1,306.24 covering fifty-two weeks disability. Plaintiff presented a motion for judgment on the verdict for total and permanent disability. The court granted neither motion but prepared and entered its own judgment for total and permanent disability, holding that the disability was shown by uncontradicted evidence to be permanent. The court found that defendant tendered to plaintiff an operation for hernia at the hands of Dr. Loeb on September 19, 1951, and that on September 28, 1951, plaintiff refused the operation; that on November 16, 1951, the Industrial Accident Board ordered plaintiff to appear before Dr. A. H. Fortner, a doctor chosen by the Board, for examination; that plaintiff reported for such examination and that Dr. Fortner made his report to the Board of his findings. The court found from the proceedings introduced as being all of the proceedings of the Board pertaining to such cause; that the Board failed to make any findings based upon the report of Dr. Fortner; that the record fails to disclose that the Board made a unanimous finding based upon the report of Dr. Fortner to the effect that it would not be more than ordinarily unsafe for plaintiff to be operated and that there is no record that the Board ever furnished plaintiff any finding made by Dr. Fortner and that the evidence based upon the record of the Board discloses that the final award was made in said cause without plaintiff having any knowledge of the results of the examination by Dr. Fortner or the result of the Board's finding based thereon. The court concluded that under the statute governing hernia cases the refusal of plaintiff to submit to an operation tendered by the insurance company does not limit him to fifty-two weeks compensation, whether or not it was more than ordinarily unsafe to undergo an operation, but that plaintiff can only be limited to fifty-two weeks of compensation for hernia after the Industrial Accident Board shall have ordered a medical examination by doctors of its own choosing and, upon the report of said doctors' findings to the effect that it would not be more than ordinarily unsafe, and after the Board has unanimously so found from such reports that it would not be more than ordinarily unsafe to undergo an operation and reduce said findings to writing, together with the medical reports upon which it is based, and after plaintiff and defendant have been furnished copies of such findings of said report, and after the Board has fixed a reasonable time for and ordered plaintiff to submit to an operation and plaintiff's refusal to submit to an operation, can he be limited to fifty-two weeks of compensation. From the judgment defendant has appealed.

By its first point, defendant asserts the court erred in disregarding the answer to special issue No. 4 that the operation would not be more than ordinarily unsafe and in rendering judgment for incapacity for more than fifty-two weeks.

Plaintiff filed a claim for compensation with the Industrial Accident Board on May 17, 1951 and in said claim he stated that the nature and extent of his injury was "rupture."

On August 21, 1951, the insurance company requested the Board to hand down the usual hernia award directing plaintiff to submit to an operation for the purpose of repairing the hernia. On September 12, 1951, the Board ordered plaintiff to submit himself to a surgical operation for a repair of the hernia at the hands of a physician and surgeon to be agreed upon by and between himself and the insurance company. On September 28, 1951, plaintiff advised the Board that he refused to accept the award of the Board and refused to submit himself to a surgical operation for repair of the hernia, giving as his reason therefor that he considered the operation too dangerous. On October 5, 1951, Hon. Carl M. Anderson, attorney for plaintiff, advised the Board (calling its attention to the cases of Texas Employers' Ins. Ass'n v. Marsden, 127 Tex. 84, 92 S.W.2d 237 and Tally v. Texas Employers' Ins. Ass'n, Tex.Com. App., 48 S.W.2d 988, that the order there-

tofore entered directing his client to submit himself for an operation was not a final order of the Board and was not one from which he could appeal, and requested the Board to set the case for further hearing, and to make a final award therein.

Thereafter, on November 14, 1951, plaintiff filed an affidavit with the Board in which he stated, among other things, that he has the absolute and certain premonition that if he undergoes surgery for his hernia that he will die and that he, therefore, says that it is more than ordinarily hazardous for him to submit to such an operation. On November 16, 1951, the Board directed plaintiff to present himself to Dr. A. H. Fortner of Sweetwater, Texas and submit himself for an examination by the physician. On November 28, 1951, Dr. Fortner advised the Board that he had examined plaintiff and that his examination revealed an incomplete inguinal hernia of the right side. Dr. Fortner gave as his opinion that it would be advisable to have the hernia repaired and that the risk from the operation would be no more than for a man the age of plaintiff.

On December 17, 1951, the Board entered the following order:

"R. C. Wilkinson, Employee
    Vs.
J. M. Johnson, Employer

Traders & General Insurance Company, Insurer.

"On this 17th day of December, 1951, after due notice to all parties, came on to be considered by Industrial Accident Board review of award made and entered under date of September 12th, 1951, and Board finds and orders:

"That said R. C. Wilkinson has failed and refused to undergo operation for repair of hernia as directed by award of the Board. Therefore, said award is hereby set aside, cancelled and held of no binding force or effect and the following entered as award of the Board, to-wit:

"On February 6th, 1951, J. M. Johnson was a subscriber to Employers' Liability Act with insurance carried by Traders & General Insurance Company. In his employ was R. C. Wilkinson whose average weekly wage was $42.80 and compensation rate $25.00 per week under the Act. On said date R. C. Wilkinson suffered injury in course of employment resulting in temporary total incapacity for an indefinite period in the future not exceeding 52 weeks.

"Traders & General Insurance Company is ordered to pay R. C. Wilkinson $25.00 per week for an indefinite period in the future not exceeding 52 consecutive weeks from February 6th, 1951.

"An attorney's fee of 15% on the first $1,000.00 and 10% on amounts in excess of said first $1,000.00 paid on this award, is ordered paid out of installment payments by Traders & General Insurance Company to Carl M. Anderson of Sweetwater, Texas, attorney for R. C. Wilkinson. Previous payments of compensation, if any, and attorney's fees shall be deducted from this award.

"When this award has been fully paid, Traders & General Insurance Company will stand finally discharged from all liability by reason of this claim for compensation."

On December 19, 1951, plaintiff gave notice of appeal from the above order and thereafter timely filed this suit in the District Court.

Article 8306, § 12b, Vernon's Annotated Revised Civil Statutes, provides, in part:

"In all such cases where liability for compensation exists, the association shall provide competent surgical treatment by radical operation. In case the injured employee refuses to submit to the operation, the board shall immediately order a medical examination of such employe by a physician or physicians of its own selection at a time and

place to be by them named, at which examination the employe and the association, or either of them, shall have the right to have his or their physician present. The physician or physicians so selected shall make to the board a written report, signed and sworn to, setting forth the facts developed at such examination and giving his or their opinion as to the advisability or non-advisability of an operation. If it be shown to the board by such examination and such report thereof and the expert opinions thereon that the employe has any chronic disease or is otherwise in such physical condition as to render it more than ordinarily unsafe to submit to such operation he shall, if unwilling to submit to the operation, be entitled to compensation for incapacity under the general provisions of this law. If the examination and the written report thereof and the expert opinions thereon then on file before the board do not show to the board the existence of disease or other physical condition rendering the operation more than ordinarily unsafe and the board shall unanimously so find and so reduce its findings to writing and file the same in the case and furnish the employe and the association with a copy of its findings, then if the employe with the knowledge of the result of such examination, such report, such opinions and such findings, thereafter refuses to submit within a reasonable time, which time shall be fixed in the findings of the board, to such operation, he shall be entitled to compensation for incapacity under the general provisions of this law for a period not exceeding one year."

■ There is no express finding in the order of the board of December 17, 1951 negativing an existence of disease or other physical condition rendering the operation more than ordinarily unsafe. There is no showing that a copy of the findings of Dr. Fortner was furnished plaintiff, or that the Board made a specific finding that the operation would not be unsafe. We are of the

opinion, however, that the order of the Board allowing compensation for only fifty-two weeks carries with it an implied finding that the operation would not be unsafe. However, we do not believe this is controlling. The insurance company did all that was required of it under the law to invoke the provisions of Section 12b. It tendered before the Board an operation to plaintiff as contemplated by said Article. Plaintiff at all times refused the operation. Dr. Loeb and Dr. Fortner both advised him that he should have the operation but he refused although up to that time he had received no medical advice from any other source. The order of December 17th set out herein is a final order and one from which an appeal can be taken. When plaintiff gave notice of and thereafter perfected his appeal, the entire proceeding was removed from the Board and jurisdiction vested in the district court for a trial de novo on all issues involved. One of the controlling issues made by the pleadings and evidence was whether the operation was more than ordinarily unsafe. The jury resolved this issue against plaintiff. Consequently, we are of the opinion plaintiff is limited in his recovery to fifty-two weeks as contended by defendant. We have found no case directly in point upon this question but we believe the principles announced in the following cases support our conclusion: Liberty Mut. Ins. Co. v. Wright, Tex.Civ. App., 196 S.W.2d 349, Err.Ref.; Texas Employers' Ins. Ass'n v. Neatherlin, Tex. Civ.App., 31 S.W.2d 673, affirmed, Tex. Com.App., 48 S.W.2d 967.

We have concluded the trial court erred in disregarding the finding of the jury to issue No. 4 and in rendering judgment for plaintiff for total and permanent disability. Plaintiff was entitled to a judgment for compensation at the rate of $24 per week for a period of fifty-two weeks from February 6, 1952.

We are of the opinion that the motion of the defendant for a judgment should have been granted. The judgment of the trial court is, therefore, reformed to the extent that plaintiff have and recover of and from defendant the sum of $1,306.24 with interest

thereon at the rate of 4% from November 10, 1952, one-third of the amount awarded plaintiff is set aside and awarded to his attorney of record, Hon. Carl M. Anderson.

The judgment is reformed as herein stated and in all other respects is affirmed. The costs of this appeal are adjudged. against plaintiff, R. C. Wilkinson.

The judgment is reformed and as reformed, is affirmed.