**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**King W. CHANCELLOR, Appellee.**

No. 15729.

Court of Civil Appeals of Texas.

Fort Worth.

June 15, 1956.

Rehearing Denied July 13, 1956.

Burford, Ryburn, Hincks & Ford and Howard Jensen, Dallas, for appellant.

Caldwell, Baker & Jordan, Williams & Akin and Henry D. Akin, Jr., Dallas, for appellee.

MASSEY, Chief Justice.

The appellant, Texas Employers' Insurance Association, will be styled as "company" or "insurance company" in the text of the opinion, and the appellee, King W. Chancellor, will be styled as the "employee" or as the "injured employee".

The injured employee perfected an appeal from a purported final order and award of the Industrial Accident Board of Texas dated July 6, 1955. The order awarded him 52 weeks of compensation "as provided in last paragraph of Sec. 12e of Art. 8306", in view of the Board's finding that "claimant (the employee) has failed and refused to undergo operation as ordered by this Board on April 12, 1955".

In the district court to which appeal was perfected the insurance company plead defensively that it had demanded that a surgical operation be had upon the employee as provided by Sec. 12e, Art. 8306, V.A. T.S., that pursuant thereto the Board had ordered the employee to submit to an operation, that the employee had expressly declined to submit to an operation, and that "in the event plaintiff (employee) has any disability now resulting from the accidents in question, it is because of his failure to accept surgery as tendered by the Association (company) and as ordered by the Industrial Accident Board and such surgery is not now and never has been more than ordinarily unsafe and a man of reasonable prudence in the same or similar condition as plaintiff herein would have submitted to such surgery". Exhibits were attached to the company's pleadings, amounting to a complete record of what transpired by and before the Industrial Accident Board.

The employee leveled exceptions at such defensive pleading by the company. Substantially, the basis of the exceptions was the contention that the pleadings stated no proper defense because it affirmatively appeared therefrom and from the attached exhibits that neither the company nor the Board had observed the requirements of Art. 8306, Sec. 12e and Sec. 12b with respect to requiring the employee to submit to a surgical operation.

The trial court sustained the exceptions and struck the company's defensive pleadings in respect to the employee's refusal to submit to an operation, thereby eliminating the defense presented. The company took its exception, rested its case at the same time the employee rested, preserved the point in its motion for new trial after judgment for total and permanent disability was entered on the jury verdict, and presents the question by a variety of points of error brought forward on the appeal.

Though the employee's exception stated that the company, as well as the Industrial Accident Board, had failed to observe the requirements of the statute, we do not believe that there was any material omission or failure in respect of any duty on the part of the company. Clearly, however, the Board did fail to follow the procedure outlined in the statute and directed to be performed prior to the entry of an order directing an injured employee to submit to an operation. The Board did order an operation, the employee refused to submit to any operative procedure, and the Board then entered its purported final order and award. It was the employee who served notice of appeal therefrom and who perfected an appeal to the district court having jurisdiction of any proper appeal from a final award by the Board.

A case of similarity, though it was a hernia case (under Art. 8306, Sec. 12b) rather than the kind of operation case here under consideration, is that of Traders & General Ins. Co. v. Wilkinson, Tex.Civ.App. Eastland 1953, 261 S.W.2d 863, 866, writ ref., n. r. e. There, as here, the insurer's liability for compensation was admitted. The Board failed to strictly follow the procedural steps prescribed by the statute as a prerequisite to the entry of an order directing the employee to submit himself to an operation. Speaking upon the matter of whether the trial court was authorized (as it did) to ignore pleadings, evidence, and a jury finding (Sp. Issue No. 4) that a hernia operation would not be more than ordinarily unsafe because of the Board's failure in said respects, Judge Long, speaking for the court, said:

" * * * However, we do not believe this is controlling. The insurance company did all that was required of it under the law to invoke the provisions of Section 12b. It tendered before the Board an operation to plaintiff as contemplated by said Article. Plaintiff at all times refused the operation. * * * When plaintiff gave notice of and thereafter perfected his appeal, the entire proceeding was re-moved from the Board and jurisdiction vested in the district court for a trial de novo on all issues involved. One of the controlling issues made by the pleadings and evidence was whether the operation was more than ordinarily unsafe. * * *

"We have concluded the trial court erred in disregarding the finding of the jury to issue No. 4 and in rendering judgment for plaintiff for total and permanent disability. * * * "

■ We fail to discover why any differentiation should be made in the question presented in this case under Section 12e from a case of hernia, controlled by Section 12b. There is no material distinction to be made in the procedure the Board is directed to follow under the two sections. If an injured employee finds cause for grievance in the failure of the Board to strictly comply with the procedural steps prescribed by the statute surely he should not thereby be afforded an advantage over the insurance company in the ensuing trial de novo. The insurance company in this instance in no wise could be blamed. We believe that when an insurance company follows the procedure prescribed by Section 12e and demands that a surgical operation be had, it becomes entitled to an issue on trial de novo upon the matter of whether such an operation would be "not more than ordinarily unsafe", in the event such operation is expressly or constructively refused by the injured employee.

We do not mean to say that an insurance company would continue to be entitled to have such an issue tried at all events, that matter not being presented, but where nothing occurs to deprive the company of its entitlement, its right persists until issue is joined in the trial court. That is the situation in the instant case, and the insurance company is entitled to plead, prove, and have an issue submitted to the jury upon the question of operation safety, etc.

Neither do we mean to say that there could be no fact issue as to whether or

not the injured employee ever refused to submit to an operation demanded by the insurance company, or ordered by the Board. In the state of the record before us we are not confronted with such a question.

■ The employee cites the case of De Leon v. Western Casualty Co., Tex. Civ.App. Fort Worth 1938, 114 S.W.2d 274, in connection with a discussion of procedure before the Industrial Accident Board, requisite under the provisions of Section 12b before a purported final order of the Board may have force and effect. We do not understand the employee to challenge the jurisdiction of the trial court, invoked by him when he perfected an appeal in this case from an order final on its face. The insurance company has not challenged the trial court's jurisdiction. It is well settled that the Workmen's Compensation Law is to be given a liberal construction, and incident thereto we are satisfied that attention to such principle would persuade a holding in this case that the Industrial Accident Board did become vested with authority to enter a final order premised upon the refusal of the employee to abide by a valid operation order. To attribute invalidity to either the order for an operation or to the Board's final order would be to force the employee's case back into the hands of the Industrial Accident Board. It is often stated that "justice delayed is justice denied", and from the record in this case it is apparent that should we hold that the trial court was without jurisdiction, thus returning the employee's claim to the Industrial Accident Board for more meticulous attention to form in its procedure pursuant to ordering an operation, only the employee would suffer prejudice. Yet, such a holding on our part would appear as the only alternative to that we believe to be correct, i. e., that the insurance company is entitled to have the cause remanded to the court below for a trial on the merits, in the course of which it should be permitted to try out the issue of whether the operation demanded by it, or ordered by the Board, would not have been more than ordinarily unsafe.

■ In the trial of the case the employee attempted to prove his wage rate by introducing in evidence, over objection of the company, the withholding tax statements furnished to him by two employers and covering the period of one year immediately prior to receipt of his injuries. The employee admitted that he had no independent recollection or knowledge as to the total amount of his wages, and that evidence attempted to be given by him was based entirely upon the figures in the tax statements. Apparently no predicate was ever established for the introduction of any kind of secondary evidence upon the matter. The company contends that the statements were subject to objection because they were not the best evidence and because they were hearsay. We agree with the company that the court erred in admitting the tax statements.

■ However, we believe the error would be harmless since the evidence established that the employee worked substantially the whole of the year immediately preceding his injuries, working 8 to 14 hours per day, 5½ to 7 days per week, at $1.45 per hour, plus time and one-half for overtime, and since uncontradicted evidence established that the company had paid weekly compensation to the employee for forty-one weeks at the rate of $25 per week, with no contention that such payments were excessive, made upon the misrepresentation of anyone, or by mistake of fact on the part of the company as to the wage rate. See the recent and more elaborate discussion of the question by this court in the case of Texas Employers' Insurance Association v. Spivey, 1955, 286 S.W.2d 197, writ ref., n. r. e.

The judgment is reversed and the cause remanded for another trial.