Opinion approved by the Court.

The TRAVELERS INSURANCE COMPANY, Appellant,

v.

Louis T. GARCIA, Appellee.

No. 10986.

Court of Civil Appeals of Texas.

Austin.

Aug. 1, 1962.

Rehearing Denied Oct. 3, 1962.

Matthews, Nowlin, MacFarlane & Barrett, James D. Baskin, Jr., San Antonio, for appellant.

Reid & Taylor, Basil H. Taylor, San Antonio, for appellee.

ARCHER, Chief Justice.

This is a workmen's compensation case involving Sections 12e and 12b of Article 8306, Vernon's Ann.Civ.St., which deal with the tender of surgical treatment and the relative duties and liabilities of the parties thereunder. In this case the Trial Court disregarded jury findings that Plaintiff refused tendered surgery which would have effected a cure or materially and beneficially improved his condition and which would not have been more than ordinarily dangerous. Having disregarded these findings, the Trial Court entered judgment for total and permanent disability in accordance with the remaining jury findings. The sole question before this Court is whether the Trial Court erred in disregarding the jury findings which would limit defendant's liability.

The one point of error is as follows:

"The Trial Court erred in overruling Defendant's Motion for Judgment on the Verdict, in granting Plaintiff's Motion for Judgment, in disregarding the jury's answers to Special Issues Nos. 10, 11, and 12, entering judgment for Plaintiff."

Since there appears to be no dispute as to the facts in this case, we will consider the propriety of the action of the Court in entering the judgment.

The gravamen of this case is the failure of the Industrial Accident Board to comply strictly with Sections 12e and 12b of Article 8306, V.A.C.S., which deal with the tender of treatment, admission of liability, the duties of the Board and the liabilities of the parties.

There is no question but that liability was admitted and treatment tendered by the Association, and that demand was made on the Board to require plaintiff to submit himself to surgery. In response thereto, the Board appointed Dr. Oliver, a doctor of medicine specializing in orthopedic surgery, who did examine the plaintiff and determined that he had a herniated intervertebral disc and that curative surgery was called for and that such surgery would effect a cure or materially and beneficially improve plaintiff's condition; that it would not be more than ordinarily unsafe and so informed the plaintiff who indicated to Dr. Oliver that he did not want surgery performed.

Plaintiff had told Dr. Day and Dr. Price that he did not wish to submit himself to surgery. No other physician advised plaintiff that surgery would not benefit him or that such surgery would be unusually dangerous to him.

After receipt of the doctor's reports and their expert opinions, all of which had been reduced to writing and filed with

the Board, and being all of the evidence and record information the Board had before it, the Board did not state in writing upon unanimous order and deliver to the employee and the Association directing the employee at a time and place therein stated to submit himself to an operation for said injury, as provided in Art. 8306, Secs. 12b and 12e.

By an award or order the Board, on April 7, 1961, made the following findings:

"Named insurer is ordered to pay employee $35.00 per week for not exceeding 100 consecutive weeks beginning 9–13–59 for temporary total disability.

"The Board finds that named insurer filed a Demand for Surgery. Said Demand for Surgery is hereby denied as named employee has declined same.

"8.X Orders: The carrier to deduct from this award and to pay to the above named attorneys a fee on the unpaid portion of this award in the amount of 15% of the amount ordered paid.

"This is the final award of the Board. Any claim for additional medical, hospital, nursing, chiropractic and medical expense should be made within 6 months from the date of this award. If you are dissatisfied with this award and desire to appeal it, you must give the Board written notice within 20 days from the date this award is entered and thereafter file suit in court within 20 days from the receipt of notice by the Board."

It is apparent that the Board has not complied with Art. 8306, Sec. 12e and consequently the employee has not legally been given an opportunity to submit to an operation, or to refuse to submit to such operation.

The plaintiff gave notice of intention to appeal and timely filed this suit.

Art. 8307, Sec. 5 provides in part that the Trial Court shall determine the issues in such cause instead of the Board upon trial de novo and places the burden of proof upon the party claiming compensation.

The plaintiff alleged that as a result of injuries received he is wholly and totally incapacitated for the usual and customary tasks of a workman and that such will continue for a period of 401 weeks, and that he is entitled to receive the sum of $35.00 per week, and sought judgment.

The defendant plead that a surgical operation would effect a cure or materially and beneficially improve plaintiff's condition and an operation had been tendered at its own expense but that plaintiff did not agree to submit to surgery, and alleged the action of the Board as has been hereinabove recited and that plaintiff is entitled to be compensated for a period not exceeding one year; that plaintiff's refusal to submit to surgery is an injurious practice which tends to imperil or retard his recovery. The defendant also alleged that it had paid the plaintiff for 83 weeks of compensation benefits amounting to $2,870.00 and prayed that plaintiff take nothing.

The plaintiff moved the Court to instruct the defendant not to introduce any evidence during the trial pertaining to the possible or probable curative benefits of surgery, or in anywise mention surgical procedures or the results thereof. This motion was refused by the Court.

On trial before a jury the oral depositions of Dr. Price and Dr. Oliver were introduced into evidence, which were to the effect that an operation was called for and that such would cure or materially benefit the plaintiff and that such an operation would not be more than ordinarily unsafe.

The plaintiff testified as to examinations by the doctors and as to their statements to him concerning surgery.

The Court submitted twelve issues to the jury and in answer to issues Nos. 1 and 2 the jury found that the plaintiff's injuries were total and permanent. In answer to issues Nos. 10, 11 and 12 the jury found that the plaintiff refused to submit himself to surgery as tendered to him and that the operation tendered would have materially and beneficially improved plaintiff's condition and that the operation would not have been more than ordinarily unsafe.

On motion of plaintiff the Trial Judge disregarded the findings in Special Issues Nos. 10, 11 and 12 and entered judgment for plaintiff. The defendant filed its motion for judgment on the verdict of the jury, which was refused.

We believe that the Trial Court erred in disregarding the answers of the jury to Special Issues Nos. 10, 11 and 12.

In Traders & General Ins. Co. v. Wilkinson, Tex.Civ.App., 261 S.W.2d 863, error ref., N.R.E., the Court went into detail in discussing and determining a hernia case under Sec. 12b, Art. 8306 and held that the Trial Court erred in disregarding the findings of the jury to the effect that an operation was safe and it reversed and rendered judgment limiting compensation to one year as provided in Sec. 12b.

In Texas Employer's Insurance Association v. Chancellor, Tex.Civ.App., 292 S.W.2d 360, error ref., N.R.E., which was not a hernia case under Sec. 12b but was an injury controlled by Sec. 12e, the Court followed the Wilkinson case and reversed and remanded a case in which the Trial Court refused to submit to the jury on behalf of the insurer the question of the safety of the tendered surgery. We quote from that opinion:

"We believe that when an insurance company follows the procedure prescribed by Section 12e and demands that a surgical operation be had, it becomes entitled to an issue on trial de novo upon the matter of whether such an operation would be 'not more than ordinarily unsafe', in the event such operation is expressly or constructively refused by the injured employee.

\* \* \* \* \* \*

"It is often stated that 'justice delayed is justice denied', and from the record in this case it is apparent that should we hold that the trial court was without jurisdiction, thus returning the employee's claim to the Industrial Accident Board for more meticulous attention to form in its procedure pursuant to ordering an operation, only the employee would suffer prejudice. Yet, such a holding on our part would appear as the only alternative to that we believe to be correct, i. e., that the insurance company is entitled to have the cause remanded to the court below for a trial on the merits, in the course of which it should be permitted to try out the issue of whether the operation demanded by it, or ordered by the Board, would not have been more than ordinarily unsafe."

Unfortunately for us the Court did not indicate the judgment to be rendered in the event the jury found, as here, that the operation was advisable.

In the case of Liberty Mut. Ins. Co. v. Wright, Tex.Civ.App., 196 S.W.2d 349, error ref., which was a hernia case under Sec. 12b of the statute, it was held:

"But if we assume that the record is sufficient to imply a finding by the Board that it was not more than ordinarily unsafe for appellee to submit to the operation, and a final award of 52 weeks compensation based on that finding, we find nothing in either the statute or the decisions of our courts which would preclude the employee from trying the issue anew in the trial de novo in the district court. \* \* \* We have found no instance in which a final award of the Board or any part of a final award of the Board was

declared to be binding on the court or the parties in the trial de novo, except in the sense that the entering of a final award by the Board is a condition prerequisite to exercise of jurisdiction by the court. The cases holding that an interlocutory order of the Board ordering an operation is not appealable have no application to the question before us. Nor can we find any good reason why the court might not hear and determine the question of whether or not it would be safe for the employee to submit to an operation where he refuses to do so in the belief that it would be unsafe for him to do so. If he believes that it would be unsafe to submit to an operation, and if the Board finds against him and limits the recovery of compensation to 52 weeks because of his refusal to submit to the operation, it cannot be said that there is any lack of finality in the Board's award. And to deny the employee the right of appeal to the courts from a finding of the Board which, under the facts of the present case, reduces the amount of compensation from 401 to 52 weeks, is to leave the employee without any relief by way of appeal to the courts from the final order of an administrative agency. To state the facts of the situation is, we believe, to demonstrate convincingly the error in appellant's basic theory of the case.

"* * * it is plain that any person brought under the jurisdiction of the Industrial Accident Board, who is not willing to abide by the Board's final decision, may take the entire case to a court of competent jurisdiction. Such court is vested with full power to determine the issues and the rights of all parties involved, and to try the case just as if the suit had been filed originally in such court. The Board loses jurisdiction of the claim. Its award is vacated, and is no longer in force."

■ As demonstrated under the authorities cited above, both the employer and employee, if the issue is properly preserved and presented, have the right on appeal from a final award of the Board to have tried de novo in the Trial Court the issue of whether a tendered operation, upon admission of liability is advisable and would be "not more than ordinarily unsafe." [1]

■ One problem here is that appellee has never been afforded the· opportunity of accepting or refusing the proffered operation subsequent to a finding by an authorized agency or· body that the operation would be advisable and "not more than ordinarily unsafe." The Board did not make such finding, hence appellee was never legally called upon to accept or reject the operation tendered by appellant while the matter was before the Board. It is true that the failure of the Board was not the fault of appellant. It is likewise true that it was not the fault of appellee.

Not until the jury made its findings in this case was appellee officially. apprised that the tendered operation would be advisable and "not more than ordinarily unsafe." It is our opinion that upon the return and acceptance of such verdict the Court should have called upon appellee to refuse or undergo the tendered operation.

Instead of pursuing this course, the Trial Court granted appellee's motion to disregard the pertinent issues. While appellee bears responsibility for making the motion, we cannot say that it is tantamount to a declination to submit to surgery.

■ Pending disposition of this case in this Court we called upon appellee to indicate his willingness or unwillingness to

---

1. The quoted phrase is found only in Sec. 12b, Art. 8306, V.A.C.S., relating to hernia. (Inguinal hernia.)

submit to surgery which the jury has found advisable. We quote his reply:

"I, Louis T. Garcia, Appellee in Cause No. 10,986, in the Court of Civil Appeals, Third Supreme Judicial District of Texas at Austin, styled The Travelers Insurance Company vs. Louis T. Garcia, pursuant to an order entered by said Court on June 27, 1962, in its 'Preliminary Opinion and Order', and in compliance therewith; however, without waiving any statutory rights which I may have under the Workmen's Compensation Act of the State of Texas, and without waiving any appellate remedies available to me, state as follows:

"I am willing to undergo surgery at the hands of a competent surgeon selected by this Court at such time and place as directed by this Court at the cost of The Travelers Insurance Company, with compensation accrued being accelerated to One Hundred Five Dollars ($105.00) per. week and paid to date, and accelerated compensation being paid weekly during the period of my recovery from the operation, and upon The Travelers Insurance Company assuming liability as required by Article 8306, Section 12e of the Workmen's Compensation Act of the State of Texas."

We do not consider this statement to be an unconditional willingness to submit to surgery as we believe the statute contemplates. We hold it to be a refusal to submit to surgery.

Our problem now is to determine what our judgment should be.

Sec. 12e provides that "if the employé refuses to submit to such operation, the board may order or direct the association to suspend the whole or any part of his compensation during the time of said period of refusal."

This language is immediately followed by the provision that "The results of such operation, the question as to whether the injured employé shall be required to submit thereto and the benefits and liabilities arising therefrom shall attach, be treated, handled and determined by the board in the same way as is provided in the case of hernia in this law."

In order to accommodate the whole of Sec. 12e, and to prevent a conflict in its terms, we construe the specific suspension of compensation during the period of refusal of surgery to be interlocutory in nature and not to control the limitation of liability prescribed by the hernia section and incorporated by reference into Section 12e. If this were not so then the Board could suspend all compensation while surgery was refused and the employee would not be entitled to recover the one year's compensation provided in the hernia section.

In accordance with these views, we reverse the judgment of the Trial Court and render judgment that appellee take nothing by his suit.